IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY RAY ROUNDTREE,
No. 17256-064,

Petitioner,

vs.                                                      CIVIL NO. 14-cv-00362-DRH

WALTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Jeffrey Ray Roundtree, an inmate at the United States Penitentiary, Marion, Illinois, is before the Court pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. More specifically, petitioner seeks to expunge a 2012 prison disciplinary conviction that caused him to lose 41 days of good conduct credit, among other penalties.[1] This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

---

[1] According to the Bureau of Prisons' public website, Roundtree is slated to be released April 11, 2017. *See* www.bop.gov/inmateloc (last accessed April 14, 2014). Thus, the consequences of the loss of good conduct credits did not immediately impact petitioner's sentence.

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner Roundtree explains that he suffers from paruresis, commonly known as a "shy bladder." On July 18, 2012, when petitioner was unable to produce a urine sample in the allotted two hours, he was given water to drink. When petitioner returned the specimen container, the supervising correctional officer concluded that the specimen was so clear that it had to be water, not urine. According to petitioner, he responded, "It only looks like water and it's all I could do." (Doc. 1, p. 5). Petitioner contends the urine was diluted by the amount of water he consumed in order to be able to produce a sample, which was the point of giving him the water to drink. The officer did not believe petitioner and poured the sample into the toilet. Petitioner was issued a disciplinary violation report, charging him with refusing to provide a urine sample.

A disciplinary hearing was conducted on August 7, 2012. According to the hearing report, petitioner admitted the violation. Roundtree's statement is summarized in the report as: "I have difficulty going. I did it. I was not thinking clearly." (Doc. 1, p. 13). Based on that perceived admission of guilt, as well as "confidential information" that was deemed reliable, petitioner was convicted of the offense. Petitioner was placed in segregation for 30 days, and he also lost 41 days of good conduct credit, 180 days of visits, to be followed by the loss of another 180 days of family-only visits.

Petitioner perceives that his constitutional right to due process was violated in three ways. First, the collecting officer violated Bureau of Prisons procedures designed to ensure the collection of unadulterated samples, and which would have eliminated any doubt that petitioner submitted an adulterated urine sample. Second, there was insufficient evidence to support a finding of guilt. Third, there was a seven and a half month delay in issuing the disciplinary hearing report, which delayed petitioner's appeal of his conviction and punishment—more specifically, the punishment should not have been imposed until after the appeals process was exhausted. He prays that the disciplinary conviction be overturned and that his 41 days of good conduct credit be restored.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379,380-81 (7th Cir. 1991). "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Rivas–Melendrez v. Napolitano*, 689 F.3d at 738–39 (7th Cir. 2012). Because the loss of good conduct credit eventually impacts petitioner's release date, he can challenge the loss by way of a petition for habeas relief pursuant to 28 U.S.C. § 2241. *See Jackson v. Carlson,* 707 F.2d 943, 946 (7th Cir. 1983).

**<u>Viable Grounds for Relief</u>**

If release is actually unavailable as a remedy for a particular constitutional claim, then a civil rights action is appropriate and the "habeas" claim or petition must be dismissed on its merits, albeit without prejudice to a civil rights action. *Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005). *See also Heck v. Humphrey*, 512 U.S. 477 (1994) (regarding timing concerns for habeas and civil rights actions premised upon the same or closely related constitutional violations). In other words, tangential claims not impacting Roundtree's release date must be dismissed. *See Jones v. Cross*, 637 F.3d 841, 845-46 (7th Cir. 2011) (limiting grounds for relief to the loss of good conduct credit, not other possible constitutional violations).

Generally, an inmate is entitled to due process *before* losing good conduct credit. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). Due process requires notice and an opportunity to call witnesses and present other evidence at disciplinary hearings. *Id.* at 566. In terms of the burden of proof, prison discipline that results in forfeited good time must be supported by "some" evidence, but a meager amount will suffice. *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985); *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Petitioner Roundtree's contentions that he was denied due process in the collection of the urine sample prior to the issuance of a disciplinary report, and prior to the disciplinary hearing, do not pertain to the process whereby he was

denied good conduct credit. Therefore, such claims cannot be addressed in a Section 2241 petition.[2] Similarly, petitioner's claims that he was denied due process because his administrative appeal was delayed by the tardy issuance of the disciplinary hearing report fall beyond the scope of Section 2241. Although the Court will not discuss the merits of these civil rights claims, petitioner's arguments will be discussed briefly in order to dispel his assertions that such claims can be addressed via Section 2241.

Petitioner cites *Gilbert v. Frazier*, 931 F.2d 1581 (7th Cir. 1991), and *Phelps v. Tucker*, 370 F. Supp. 2d 792, 797 (N.D. Ind. 2005), for the proposition that his punishment should not have been applied until after he had exhausted his administrative appeal. Petitioner has misconstrued both cases. *Gilbert* is a civil rights case pursuant to 41 U.S.C. § 1983, not a habeas case. Moreover, *Gilbert* pertains to placing an inmate in segregation before *any* hearing. *Phelps*—another civil rights action—is a district court case that is not a controlling precedent. Furthermore, the discussion in *Phelps* about a cause of action not accruing until after a disciplinary sanction was reversed on appeal pertains to the requirement that the sanction be invalidated before a civil rights action is brought. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In terms of due process requiring an appeal, petitioner's memorandum recognizes that an appeal is not required under *Wolff v. McDonnell* (*see* Doc. 1, p. 9).

---

[2]The petition focuses on the sufficiency of the stated grounds for finding petitioner guilty of the offense. The petition does not specifically argue that petitioner was denied exculpatory evidence, so the Court will not delve into that aspect of due process.

Only petitioner's allegations that his disciplinary conviction was based on insufficient evidence may proceed in this habeas corpus petition.

**The Sufficiency of the Evidence**

According to the hearing report, petitioner admitted the violation. Roundtree's statement is summarized in the report as: "I have difficulty going. I did it. I was not thinking clearly." (Doc. 1, p. 13). Although the hearing officer perceived those statements as an admission of guilt, those statements, alone, strike the Court as ambiguous. The declaration "I did it." could mean that petitioner was acknowledging that he urinated. And, the mere assertion that "confidential information" was deemed reliable and provided another basis for the disciplinary decision does not provide a sufficient basis for the Court to conclude at this preliminary stage that there was sufficient evidence to support the disciplinary conviction. Consequently, respondent Walton will be required to respond or otherwise plead.

**Disposition**

**IT IS THEREFORE ORDERED** that all due process claims regarding the urine collection process and any delay in the administrative appeal are **DISMISSED without prejudice** to Roundtree bringing those claims in a timely civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Only due process claims regarding the sufficiency of the evidence supporting petitioner's disciplinary conviction shall proceed.

**IT IS FURTHER ORDERED** that respondent Walton shall answer the petition or otherwise plead within thirty days of the date this order is entered. [3] This preliminary order does not, of course, preclude the government from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 15th day of April, 2014.**

Digitally signed by David R. Herndon
Date: 2014.04.15 10:42:18 -05'00'

**Chief Judge**
**United States District Court**

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. See SDIL-EFR 3.