IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY RAY ROUNDTREE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No.  14-cv-362-CJP**[1] |
| | ) | |
| **EDDY J. MEJIA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Jeffrey Ray Roundtree filed a petition for writ of habeas corpus under 28 U.S.C. §2241challenging the loss of 41 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding.  (Doc. 1).

**Relevant Facts and Procedural History**

Roundtree is serving a 112 month sentence for possession of materials involving the sexual exploitation of minors in violation of 18 U.S.C. §2252(a)(4)(B) and (b)(2).  His projected release date via good conduct credit is April 11, 2017. See, Doc. 12, Ex. 2, p. 2.[2]

On July 18, 2012, Lieutenant J. Sims wrote an incident report charging petitioner with a violation of Code 110 by "refusing to provide a urine sample or take part in other drug abuse testing."  The incident report is located at Ex. 3, pp. 3-4.  Lieutenant Sims described the incident as follows:

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 11.

[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF electronic filing system.

>On the above date at 0520 hrs. Inmate Roundtree #17256-04 was advised he needed to provide a urine sample.  Inmate Roundtree claimed he has trouble urinating.  Inmate Roundtree was afforded the two hours and [an] 8 oz. bottle of water during this time period.   At 0720 hours Inmate Roundtree   was given one more opportunity to urinate.  Inmate Roundtree handed me  the bottle back with a clear liquid in it claiming this is all I can go. Inmate  Roundtree admitted to this reporting officer that he put the water in it.

Doc. 12, Ex. 3, p. 3, ¶11.

The Unit Disciplinary Committee referred the charge to a Disciplinary Hearing Officer (DHO) for a hearing.  Ex. 3, p. 3, ¶18.[3]

Roundtree was given written notice of the hearing.  He requested that Dr. Patterson appear as his staff representative.   He did not request that any witnesses be called.  Ex. 3, p. 6.

The disciplinary hearing was held on August 7, 2012.  The DHO's report is located at Doc. 3, pp. 1-2.  The report states that Dr. Patterson appeared as petitioner's staff representative.  She indicated that petitioner had a "shy bladder" and was "working with psychology."  Roundtree gave a statement which was summarized as, "I have difficulty going.  I did it.  I was not thinking clearly." Roundtree was found guilty of refusing to provide a urine sample in violation of Code 110.  The DHO stated that he relied on the incident report and Roundtree's admission that he put the water in the bottle.  As is relevant here, Roundtree was sanctioned with the loss of 41 days of good conduct time.

## Grounds for Habeas Relief

In his habeas petition, Roundtree asserted various grounds for relief,

---

[3] The BOP's inmate disciplinary procedures are described in 28 C.F.R. §§541.5-541.8.

including insufficient evidence, that BOP procedures for collecting urine samples were not followed, and that his "appeal rights" were hindered because he was not given the DHO's report in a timely manner.

In the order on preliminary review, the Court determined that the only cognizable claim presented was insufficiency of the evidence.  See, Doc. 4.

## Applicable Legal Standards

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241.  *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974).  The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision.  *Wolff*, 94 S.Ct. at 2978-2980; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The findings of the disciplinary hearing officer must be supported by "some evidence in the record."  *Superintendent v. Hill*, 105 S.Ct. 2768, 2773 (1985).

This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Id*.

Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). The Court does not "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Further, the evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989). In addition, only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992).

## Analysis

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings.

The findings in prison disciplinary proceedings need only be supported by "some evidence." *Superintendent v. Hill, supra*. "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999).

The DHO explained in his report that he relied upon the incident report

and Roundtree's admission that he put the water in the bottle.  This easily meets the applicable "some evidence" standard.  Roundtree did not present any contrary evidence to the DHO.  In fact, he admitted to the DHO that "I did it.  I was not thinking clearly."  A correctional officer's disciplinary report alone can satisfy the "some evidence" standard.  *McPherson v. McBride*, 188 F.3d at 786.  That is the case here.

In his reply to the response, petitioner admits that the incident report is sufficient to meet the "some evidence" standard.  See, Doc. 14, p. 1.  He shifts his ground, though, and presents a new argument.  He argues for the first time in his reply that the evidence establishes that he violated not Code 110 (refusing to provide a urine sample), but a different Code, either 198 (interfering with a staff member in the performance of duties) or 199 (conduct which disrupts or interferes with the security or orderly running of the institution).

Petitioner's new argument does not carry the day.  First, it was advanced for the first time in his reply, and the Court is therefore entitled to regard it as forfeited.  See *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).  Secondly, the claim was not raised by petitioner in prison administrative review proceedings.  See, documents related to administrative review, Doc. 12, Ex. 5.  Exhaustion of administrative remedies is required before a federal prisoner can challenge a disciplinary decision in a §2241 petition.  *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986).  Further, claims not raised in the administrative review proceedings are procedurally defaulted.  *Moffat v. Broyles*, 288 F.3d 978, 982

(7th Cir. 2002).

In addition to being procedurally defaulted, petitioner's new argument fails on the merits. The purpose of the notice requirement in *Wolff* is to permit "the accused to gather the relevant facts and prepare a defense." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Notice that apprises the inmate of the facts underlying the alleged offense satisfies due process, even if the actual charge is later modified. *Northern*, 326 F. 3d at 910-911. See also, *Salazar v. Wilson*, 498 F. App'x 600, 603 (7th Cir. 2012); *Davenport v. Roal*, 482 F. App'x 183, 185 (7th Cir. 2012).

In this Court's view, there was "some evidence" to support the charge of refusing to provide a urine sample. The incident report supports a finding that, instead of giving a urine sample, Roundtree put water in the specimen bottle. This constitutes a refusal to give a urine sample and supports a finding that petitioner violated Code 110.

In any event, petitioner admits that there was "some evidence" to support a finding that he violated either Code 198 or 199. The BOP's Prohibited Acts Code is located at 28 C.F.R. § 541.3. There are four categories of prohibited acts. The "Greatest Severity Level Prohibited Acts" are listed in Table 1 of that section. Code 110, as well as the two Codes suggested by petitioner (198 and 199) are all listed in Table 1 and all carry the same possible sanctions.

Petitioner states that he "likens using the wrong code to [being] punished for the wrong crime." Doc. 14, p. 3. He is incorrect. Again, prison disciplinary

6

proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974).   Because petitioner was given notice of the facts underlying the charge, he received the due process protection required by *Wolff*, and the charge could have been amended to 198 or 199 even after the hearing. *Northern, supra.*

In short, the record demonstrates that Roundtree was given all of the due process protections that are required by *Wolff*, and he is therefore not entitled to habeas relief.

## Conclusion

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings.  Therefore, his Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  April 21, 2016.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

7

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended.  A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline.  Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).