IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY RAY ROUNDTREE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No.  14-cv-362-CJP[1] |
| | ) |
| **EDDIE J. MEJIA,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

This matter is before the Court on petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(b).  **(Doc. 28).**

Petitioner's motion was filed within 28 days of the entry of judgment. Therefore, the motion will be considered under Fed. R. Civ. 59(e).  *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014).  "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence."  *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

Roundtree's §2241 petition challenged the loss of 41 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding.  The Court denied the petition because petitioner was afforded the due process protections required by *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974).  See, Doc. 23.

Roundtree first argues that this Court's reference to the conviction for which he is presently incarcerated demonstrates that the undersigned is

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 11.

1

prejudiced against him. He is incorrect; the Court referred to his conviction in order to give context to his §2241 petition. The undersigned harbors no prejudice against petitioner. In any event, the relief he seeks (that the Memorandum and Order be vacated and this case be referred to a District Judge) is not available. This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 11. Petitioner is not entitled to a do-over before a different judge.

Petitioner contends that the statement by Lieutenant Sims in the incident report is a "fabrication." However, as the Court explained in its Memorandum and Order:

> The findings of the disciplinary hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 105 S.Ct. 2768, 2773 (1985). This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Id*.
>
> Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). The Court does not "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Further, the evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989).

Doc. 23, pp. 3-4.

This Court concluded that the incident report and petitioner's admission to the DHO ("I did it. I was not thinking clearly.") were sufficient to meet the "some evidence" standard. In fact, petitioner admitted that the incident report met the "some evidence" standard in his reply, Doc. 14, p. 1, and did not argue that it was a "fabrication." Further, petitioner has not denied that he admitted at the hearing that he "did it." It is clear that the disciplinary action was supported by the

requisite "some evidence."

Lastly, petitioner renews his argument that he was not guilty of violating Code 110, but admits that he could be found guilty of violating Code 198 or 199. As the Court previously explained:

> The purpose of the notice requirement in Wolff is to permit "the accused to gather the relevant facts and prepare a defense." Northern v. Hanks, 326 F.3d 909, 910 (7th Cir. 2003). Notice that apprises the inmate of the facts underlying the alleged offense satisfies due process, even if the actual charge is later modified. Northern, 326 F. 3d at 910-911. See also, Salazar v. Wilson, 498 F. App'x 600, 603 (7th Cir. 2012); Davenport v. Roal, 482 F. App'x 183, 185 (7th Cir. 2012).

Doc. 22, p. 6.

The Court also noted that all three Codes in question carry the same possible sanctions. See, 28 C.F.R. § 541.3, Table 1. Petitioner's unsupported assertion in his motion that the Court is incorrect in this regard is simply wrong.

In short, petitioner has not demonstrated that the Court committed a manifest error of law. Therefore, petitioner's Motion for Relief from Judgment, construed as a motion brought pursuant to Rule 59(e) **(Doc. 28)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE:  May 27, 2016.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**